UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                :
                                         :
            Plaintiff,                   :
                                         :
        v.                               :    Case No. _____
                                         :
PHILLIP R. BENNETT, LEO R. BREITMAN,     :
NATHAN GANTCHER, TONE GRANT,             :
DAVID V. HARKINS, SCOTT L. JAECKEL,      :
DENNIS A. KLEJNA, THOMAS H. LEE,         :
SANTO C. MAGGIO, JOSEPH MURPHY,          :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,     :
WILLIAM M. SEXTON, GERALD SHERER,        :
PHILIP SILVERMAN, ROBERT C. TROSTEN,     :
AND DOES 1 TO 10,                        :
                                         :
            Defendants.                  :
------------------------------------------------------------x
In re:                                   :    Chapter 11
REFCO, INC., et al.,                     :    Case No. 05-60006(RDD)
            Debtors.                     :    (Jointly Administered)
------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                :
                                         :
            Plaintiff,                   :
                                         :
        v.                               :    Adv. Proc. No. 07-1712
                                         :    (RDD)
PHILLIP R. BENNETT, LEO R. BREITMAN,     :
NATHAN GANTCHER, TONE GRANT,             :
DAVID V. HARKINS, SCOTT L. JAECKEL,      :
DENNIS A. KLEJNA, THOMAS H. LEE,         :
SANTO C. MAGGIO, JOSEPH MURPHY,          :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,     :
WILLIAM M. SEXTON, GERALD SHERER,        :
PHILIP SILVERMAN, ROBERT C. TROSTEN,     :
AND DOES 1 TO 10,                        :
                                         :
            Defendants.                  :
------------------------------------------------------------x

```
-----------------------------------------------------------x
TONE N. GRANT, ROBERT C. TROSTEN, AND  :
PHILLIP R. BENNETT,                    :
                                       :      Adv. Proc. No. 07-2005
              Plaintiffs,              :      (RDD)
                                       :
       v.                              :
                                       :
AXIS REINSURANCE COMPANY,              :
                                       :
              Defendant.               :
-----------------------------------------------------------x
```

## MEMORANDUM IN SUPPORT OF AXIS'S MOTION TO WITHDRAW THE REFERENCE FROM THE BANKRUPTCY COURT

Defendant, Axis Reinsurance Company ("Axis"), hereby moves this Court for an Order pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a) and Local Bankruptcy Rule 5011-1, for cause shown, withdrawing the reference of two Adversary Proceedings to the Bankruptcy Court.

### FACTS

Axis is an excess directors and officers liability ("D&O") insurer of Refco and its directors and officers. In anticipation of Refco's late-spring, early-summer IPO in 2005, Axis received a written warranty from Refco, signed by Chief Executive Officer Phillip Bennett on behalf of all prospective insureds. In reliance upon that warranty and other information (including financial information), Axis issued Securexcess Policy Number RNN 506300 (the "Axis Policy") to Refco, which had a policy period commencing on August 11, 2005 – the date of Refco's IPO. *See* Exhibit A to the declaration of Joan M. Gilbride (hereafter "Gilbride Decl.").

Shortly thereafter, Refco, Inc. ("Refco")[1] admitted that, over a seven-year period, its former Chairman, President and Chief Executive Officer, Phillip Bennett, hid

---

[1] The name "Refco" refers to Refco, Inc., the publicly traded company formed pursuant to the August 2005 initial public offering, as well as to Refco Group Ltd., LLC, the company through which

2

hundreds of millions of dollars of uncollectible receivables that should have shown up on Refco's balance sheet as related-party transactions. *See* Exhibit B to Gilbride Decl. This massive fraud, about which it has been alleged other Refco directors and officers had knowledge, or in which they actually participated, led to Refco's announcement in October 2005, just two months after going public, that its prior financial statements could no longer be relied upon.[2] As a result of this announcement, dozens of criminal and civil complaints were filed against Bennett and other Refco directors and officers, alleging fraud and various other misdeeds by the defendants (the "Underlying Actions").

On October 17, 2005, Refco filed for bankruptcy as a result of this massive fraud and the resulting fallout. The Underlying Actions were then submitted to Axis for coverage.

On March 6, 2006, Axis denied coverage under the Axis Policy to the Defendants[3] for these matters on several grounds: (1) breach of a January 21, 2005 Warranty Letter executed by Bennett on behalf of all Insureds under the Axis Policy; (2) the "Knowledge Exclusion" (Endorsement 6); (3) an Exclusion in the Application; and (4) the Pending and Prior Litigation Exclusion. *See* Exhibit C to the Gilbride Decl.

In connection with the underwriting of the Axis Policy, Axis requested and received a warranty letter (the "Warranty") which provides, in pertinent part:

---

Refco's business was primarily conducted prior to the IPO. "Refco" also refers to subsidiaries of Refco, Inc. and Refco Group Ltd., LLC.

[2] A detailed description of the Refco fraud can be found in the 363 page Examiner's Report (Bankr. S.D.N.Y. filed July 11, 2007) (05-60006, Doc. 5530). The Examiner's Report recounts the detailed factual basis for the allegations of fraud against Bennett and others. It is beyond dispute that Bennett hid Refco's uncollectible receivables in an undisclosed related party entity, which he controlled.

[3] Axis denied coverage to all Insureds for all claims arising out of Refco's demise. The Insureds other than Refco, the individual directors and officers (herein "Individual Insureds") have divided themselves into four categories: (1) the "Officer Defendants" – Klejna, Murphy, Sexton, Sherer and Silverman; (2) the "Director Defendants" – Breitman, Gantcher, Harkins, Jaeckel, Lee, O'Kelley, and Schoen; (3) the "Indicted Defendants" – Bennett, Grant and Trosten; and (4) the "Cooperating Defendant" – Maggio (collectively "Defendants").

3

> No person(s) or entity(ies) proposed for this insurance is cognizant of any fact, circumstance, situation, act, error or omission which he/she/it has reason to suppose might afford grounds for any Claim, as such term is defined within the Policy, such as would fall within the scope of the proposed insurance, EXCEPT: [Louis Capital Markets, LP v. Refco Group Ltd., LLC, et al.]

It further provides that:

> It is agreed by the undersigned on behalf of all Insureds under the Policy, that with respect to the above statements, that if such knowledge exists, any claim arising therefrom is excluded from the proposed insurance.

The Warranty was signed by Phillip Bennett, "on behalf of all Insureds under the Policy," on January 21, 2005. *See* Exhibit D to the Gilbride Decl.

The Knowledge Exclusion, found at Endorsement 6 of the Axis Policy, provides that there is no coverage for Claims, "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any fact, circumstance, situation, transaction, or event, which any Insured had knowledge and had reason to suppose might give rise to a Claim that would fall within the scope of the insurance afforded by this Policy." *See* Exhibit A to the Gilbride Decl.

Axis's analysis of these issues, as well as an Exclusion in the Application and the Pending and Prior Litigation Exclusion, required a determination, essentially, of whether Bennett and/or certain other Insureds were aware of facts, circumstances, and/or situations which gave them reason to suppose a Claim might arise from those facts. Axis concluded, based on the tacit public admissions in Refco's SEC filings, that Bennett and potentially certain other Insureds did have such knowledge or information at the relevant times. This conclusion has been borne out by the Examiner's Report as well as various other documents filed within the Underlying Litigation.

None of the Defendants responded in any way to Axis's denial of coverage letter dated March 6, 2006. On May 23, 2007, Axis filed a complaint in the Bankruptcy Court

4

for the Southern District of New York (the "Complaint") based on "related to" jurisdiction under 28 U.S.C. §157(c), seeking a judicial declaration confirming its determination that the Axis Policy does not provide coverage to any Defendant for any Loss incurred in connection with the Underlying Actions (Bankr. S.D.N.Y. Index No. 07-1712) (attached to Gilbride Decl. at Exhibit E).

On or about July 12 and 13, 2007, the Officer Defendants filed Answers and Counterclaims to the Complaint. *See* Exhibits F, G and H to the Gilbride Decl. In their Counterclaims, these Defendants sought the same relief as that sought by Axis in its Complaint, namely, a judicial declaration of whether the Axis Policy covers the Loss incurred by the Officer Defendants in the Underlying Actions. The Counterclaims also contain requests for a jury trial. At approximately the same time, the Director Defendants and Indicted Defendants filed motions to dismiss or stay the Axis Complaint, and the Officer Defendants (the "Movants") filed motions for a preliminary injunction ordering Axis to pay Defense Costs. Axis filed briefs in opposition to the motions for a preliminary injunction ordering Axis to pay Defense Costs and to dismiss the Complaint.

Axis filed its Answers and Affirmative Defenses to the Counterclaims on August 16 and 23, 2007.[4] *See* Exhibit I, J and K to the Gilbride Decl. Oral argument, as reflected in the transcript ("Tr.") (attached to Gilbride Decl. at Exhibit L), was heard on the motions to dismiss and for a preliminary injunction on August 30, 2007 (the "Hearing"). On August 31, 2007, Judge Drain entered an order granting the Director

---

[4]   In its Affirmative Defenses to Counterclaims, Axis again asserted the absence of coverage as a defense. Those defenses remain part of the proceedings the Bankruptcy Court retained.

Defendants' motion to dismiss the Complaint (the "Order," attached to Gilbride Decl. at Exhibit M), but allowed the Counterclaims to remain pending[5].

Certain Insureds subsequently filed an adversary proceeding at In re Refco, Bankr. S.D.N.Y. (07-2005 (RDD)) (hereafter, the "Adversary Proceeding"), seeking a declaration that Axis is required to advance defense costs pursuant to the terms of the Axis Policy (see Adversary Proceeding Complaint, attached to Gilbride Decl. as Exhibit N).

The Counterclaims and the Adversary Proceeding, however, seek the same relief as was sought in the Complaint, specifically, a determination of the coverage obligations of Axis under the Axis Policy. Because of the duplication that will occur and the resulting judicial inefficiency and unfairness that will result from litigating the same issue in two separate forums, Axis is presently seeking a withdrawal of the reference of the Counterclaims and the Adversary Proceeding to the Bankruptcy Court.

## ARGUMENT

### I. THE REFERENCE TO BANKRUPTCY COURT SHOULD BE WITHDRAWN

#### A. The Standard for Withdrawal of the Reference

Pursuant to 28 U.S.C. §1334, District Courts have original, but not exclusive jurisdiction of all civil proceedings "arising under title 11 or arising in or related to cases under title 11." Under the amendments to 157(a), however, the District Court may provide that "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district." Pursuant to the Southern District of New York's "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the

---

[5] He also granted the motion for advancement of Defense Costs.

6

Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), any cases and proceedings which fall under this rubric shall be routinely referred to the Bankruptcy Court.[6]

Section 157(d), however, empowers a District Court to withdraw a proceeding from the Bankruptcy Court on its own motion or on the timely motion of any party, and have the proceeding heard in District Court, if there is "cause shown" for the removal. "Cause shown" is not defined in the statute, and the legislative history of the 1984 Bankruptcy Amendments provide little guidance in delineating factors which support permissive withdrawal of a bankruptcy reference. The Second Circuit and the Southern District of New York, however, have provided general guidelines for consideration, which include whether the case is core or non-core, whether it is legal or equitable, interests of judicial economy, prevention of forum-shopping and confusion, promoting uniformity in bankruptcy administration, fostering the economical use of the debtor's and creditors' resources and the presence of a jury demand. In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996); Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095, 1101 (2d Cir. 1993); Oneida Ltd. v. Pension Ben. Guar. Corp., 2007 WL 2067968 (S.D.N.Y. 2007); In re Best Payphones, Inc., 2007 WL 1630569 (S.D.N.Y. 2007); In re 131 Liquidating Corp., 222 B.R. 209, 211 (S.D.N.Y. 1998).

The most important factor in determining whether to withdraw the reference of an adversary proceeding is whether the proceeding is core or non-core. Orion, 4 F.3d at 1101; Oneida, 2007 WL 2067968 at *4. In a non-core proceeding, a decision by the Bankruptcy Court - - both on the law and the facts - - is subject to de novo review in the District Court. In re McMahon, 222 B.R. 205, 208 (S.D.N.Y. 1988); Abondolo v. GGR

---

[6] In non-core proceedings, the bankruptcy court's power is limited to making recommendations to the district court, which reviews the recommendations (both findings of fact and conclusions of law) de

Holbrook Medford, Inc., 285 B.R. 101, 113 (E.D.N.Y. 2002). Thus, in a non-core matter, it is a more efficient use of judicial resources for the District Court to hear the adversary proceeding in the first place. Id.; In re Kentile Floors, Inc., 1995 WL 479512 (S.D.N.Y. August 1995). This factor strongly favors withdrawal of the reference. Id. If this Court did not withdraw the reference it would conduct a *de novo* review of the Bankruptcy Court's rulings upon a party's written objection, resulting in the re-litigation of claims and significant additional costs and expenditure of time and effort to both parties. Id.

In addition, courts often find that when one party to a non-core adversary proceeding demands a jury trial, there is "cause" to withdraw the reference. In re The VWE Group, Inc., 359 B.R. 441 (S.D.N.Y. 2007). A Bankruptcy Court cannot conduct a jury trial and enter a "verdict" in non-core proceedings. Rather, it can only make proposed findings. The losing party could appeal to the District Court for a *de novo* review of the finding of the jury. Thus, it makes no sense to allow a Bankruptcy Judge to conduct a jury trial in a non-core proceeding when the Bankruptcy Judge lacks the ability to enter a final judgment.

B.   **The Counterclaims for Coverage Are Non-Core Proceedings**

28 USC 157 (b)(1) gives the Bankruptcy Court jurisdiction over "core proceedings" as follows:

> Bankruptcy judges may hear and determine all cases under title 11 (11 USC 101, et seq.) and *all core proceedings* arising under title 11 . . . , or arising in a case under title 11 . . . , referred to under subsection (a) of this section, and may enter appropriate orders and judgments . . . .

(Emphasis added).

To be deemed a "core proceeding" with respect to which the Bankruptcy Court has jurisdiction to hear and enter judgments, the proceedings must either "arise under"

---

novo. 28 U.S.C.S. § 157(c); Bankr. R. 9033(d).

Title 11 or "arise in" a bankruptcy case under Title 11. See Norkin v. DLA Piper Rudnik Gray Cary, LLP, 2006 WL 839079 (S.D.N.Y. 2006) (citing Mt. McKinley Ins. Co. v. Corning, Inc., 399 F.3d 436, 447-48 (2d Cir. 2005)).

The Counterclaims and the Adversary Proceeding are non-core proceedings. The causes of action asserted were not created or determined by a statutory provision of the Bankruptcy Code, and thus do not "arise under" Title 11. Moreover, the claims would exist outside of bankruptcy context and, as such, they do not "arise in" the bankruptcy case. Accordingly, they are non-core proceedings, pursuant to which the Bankruptcy Court has jurisdiction under 28 U.S.C. §157(c), as proceedings "related to" a case under Title 11.

Because the Counterclaims and the Adversary Proceeding are non-core proceedings, the Bankruptcy Court's power with respect to them will be limited to making recommendations to the District Court. If the Bankruptcy Court's findings or conclusions are challenged, the District Court would then be required to undertake a *de novo* review of the Bankruptcy Court's findings of fact and conclusions of law and enter a final order. As such, it would be a more efficient use of judicial resources for the District Court to hear the Counterclaims and the Adversary Proceeding in the first place. See In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993) (the fact that a Bankruptcy Court's determination on non-core matters is subject to *de novo* review by the District Court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the District Court).

Moreover, the Counterclaimants have all asserted their rights to a jury trial on the Counterclaims. Accordingly, as in The VWE Group, this Court should find that, under

Orion, the fact that the claim is non-core, coupled with the Counterclaimants' jury demands, is sufficient cause to withdraw the reference. See 359 B.R. at 450.

### C. Interests of Judicial Economy, Fairness and Timing Also Strongly Favor a Withdrawal of the Reference

Upon the urging of the Bankruptcy Court during the August 30, 2007 hearing, Axis seeks to withdraw the reference to the Bankruptcy Court of the Adversary Proceeding and the Counterclaims. The Bankruptcy Court noted that the plaintiffs in the Underlying Actions - - including the securities class action pending before Judge Lynch in the District Court - - will be seeking discovery on issues that he believes are also to be determined in connection with Axis's coverage Complaint, and thus expressed his belief that the issues raised by the Complaint overlap with the issues to be determined in the securities class action. Based on this conclusion, he suggested that the District Court has jurisdiction over these issues "if they are to be teed up there." Tr. at pp. 57-59.

If the District Court is to decide the issues in the coverage Complaint, the interests of judicial economy and fairness mandate that it also hear the Counterclaims and the Adversary Proceeding, as the Insureds are seeking the same relief in the Counterclaims and the Adversary Proceeding as Axis is seeking in its Complaint, specifically, a determination of the coverage obligations of Axis under the Axis Policy.

The Bankruptcy Court's retention of and decision on the Counterclaims and the Adversary Proceeding could lead to conflicting resolutions of the same issues, duplicative discovery and, thus, inequitable results. Indeed, Judge Drain implicitly recognized the problems that could arise if the Counterclaims and Axis's Complaint (and, because it seeks the same relief, impliedly the Adversary Proceeding) are not determined in the same venue during the August 30, 2007 hearing, when he suggested that "as a practical matter, it may make sense to move to withdraw the reference of this matter . . . ." Tr. at

p. 83. The Judge then asserted during the hearing that he "would strongly encourage the parties if they were ultimately to pursue this litigation to pursue it in a different forum because of the jurisdictional concerns that I've raised." Tr. at pp. 59-60. He further noted, "given the existence of a securities action and the inevitable tie-ins to settlements[,] that a district judge might want to have the reference. . . ." Tr. at p. 87.

Moreover, withdrawing the reference in this matter will not adversely affect the uniform administration of bankruptcy law because the Counterclaims and the Adversary Proceeding raise issues governed solely by non-Title 11 law.

It is appropriate to withdraw the reference at this early stage of litigation. See Mishkin v. Angeloff, 220 B.R. 784 (S.D.N.Y. 1998) (facts that proceedings were in the early stages of litigation favored the withdrawal of the reference); Magten Asset Mgt. Corp. v. Northwestern Corp. (In re Northwestern Corp.), No. 03-12872, 2005 WL 2320113, at *2 (D. Del. 2005) (withdrawal of reference timely when made at "a relatively early stage in the proceedings and significant discovery has not yet occurred"). This motion is being filed approximately one week after the Bankruptcy Court dismissed the Complaint, so the Bankruptcy Court has not vested considerable resources in that matter. Moreover, the Adversary Proceeding was filed only three days ago, and the Bankruptcy Court thus has spent virtually no time on the Adversary Proceeding.

Finally, withdrawing the reference in this matter will not promote forum shopping, as Axis seeks removal of the Counterclaims and the Adversary Proceeding to the District Court for the Southern District of New York, which is presently the Court that will be responsible for reviewing the Bankruptcy Court's decisions and making final determinations in these non-core proceedings.

Accordingly, in light of all of these circumstances, withdrawal of the reference is warranted.

## CONCLUSION

Axis respectfully requests that, for all of the foregoing reasons, the Court grant Axis's motion withdraw the reference of the Counterclaims and the Adversary Proceeding to the Bankruptcy Court.

Dated:      September 7, 2007

                                                                                       _____
                                                                                       Wayne E. Borgeest
                                                                                       Joan M. Gilbride
                                                                                       Ann Marie Collins
                                                                                       Robert Benjamin
                                                                                       KAUFMAN BORGEEST & RYAN LLP
                                                                                       Attorneys for Axis Reinsurance Company
                                                                                       200 Summit Lake Drive
                                                                                       Valhalla, New York 10595
                                                                                       (914) 741-6100 (phone)
                                                                                       (914) 741-0025 (fax)

To: All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AXIS REINSURANCE COMPANY,                        :
                                                 :
                Plaintiff,                       :
                                                 :
        v.                                       :   Civil Action No. _____
                                                 :
PHILLIP R. BENNETT, LEO R. BREITMAN,             :
NATHAN GANTCHER, TONE GRANT,                     :
DAVID V. HARKINS, SCOTT L. JAECKEL,              :
DENNIS A. KLEJNA, THOMAS H. LEE,                 :
SANTO C. MAGGIO, JOSEPH MURPHY,                  :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,             :
WILLIAM M. SEXTON, GERALD SHERER,                :
PHILIP SILVERMAN, ROBERT C. TROSTEN,             :
AND DOES 1 TO 10,                                :
                                                 :
                Defendants.                      :
-----------------------------------------------------------x
In re:                                           :   Chapter 11
REFCO, INC., et al.,                             :   Case No. 05-60006(RDD)
                Debtors.                         :   (Jointly Administered)
-----------------------------------------------------------x
AXIS REINSURANCE COMPANY,                        :
                                                 :
                Plaintiff,                       :
                                                 :
        v.                                       :   Adv. Proc. No. 07-1712 (RDD)
                                                 :
PHILLIP R. BENNETT, LEO R. BREITMAN,             :
NATHAN GANTCHER, TONE GRANT,                     :
DAVID V. HARKINS, SCOTT L. JAECKEL,              :
DENNIS A. KLEJNA, THOMAS H. LEE,                 :
SANTO C. MAGGIO, JOSEPH MURPHY,                  :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,             :
WILLIAM M. SEXTON, GERALD SHERER,                :
PHILIP SILVERMAN, ROBERT C. TROSTEN,             :
AND DOES 1 TO 10,                                :
                                                 :
                Defendants.                      :
-----------------------------------------------------------x
TONE N. GRANT, ROBERT C. TROSTEN, AND            :
PHILLIP R. BENNETT,                              :
                                                 :
                                                 :   Adv. Proc. No. 07-2005 (RDD)

1

```
                Plaintiffs,           :
                                      :
        v.                            :
                                      :
AXIS REINSURANCE COMPANY,             :
                                      :
                Defendant.            :
----------------------------------------x
```

## DECLARATION OF JOAN M. GILBRIDE

I, Joan M. Gilbride, hereby certify as follows:

1.  I am a member of Kaufman Borgeest & Ryan LLP, attorneys for plaintiff Axis Reinsurance Company ("Axis") in this action.

2.  I submit this declaration in support of Axis' request to withdraw the reference of an Adversary Proceeding that it commenced in the Bankruptcy Court (*In re Refco*, Bankr. S.D.N.Y., 07-1712 RDD, Exhibit E hereto), as well as a related Adversary Proceeding, *In re Refco,* Bankr. S.D.N.Y., 07-2005 (RDD) (See Exhibit N). Axis respectfully requests that the Court consider this motion on shortened notice in the interests of judicial economy and fairness.

3.  At an August 30, 2007 hearing on a motion to dismiss the Adversary Proceeding filed by certain defendants, but not all, and a motion for preliminary injunction filed by certain other defendants, the Bankruptcy Court noted that the reference to that Court should be withdrawn because this action is more properly before the District Court and specifically, Judge Gerard E. Lynch. See Transcript of Hearing at pages 83, 87, Exhibit L hereto.

4.  The Bankruptcy Court dismissed the Adversary Proceeding by Order dated August 31, 2007. (See Exhibit M), but at the same time allowed certain defendants' counterclaims to stand and granted those defendants' motion for preliminary injunction by Order dated August 31, 2007. (See Exhibit O hereto). Since that time, certain of the dismissed

defendants filed a separate Adversary Proceeding and moved for preliminary injunction (See Exhibit O) and the Court scheduled a hearing on that preliminary injunction for **September 11, 2007** (See Exhibit P). The Court has already scheduled a hearing on the permanent injunction for **October 12, 2007** (See Tr. at pp. 93-93).

5. Since the Bankruptcy Court believes that the Proceedings are more properly before the District Court, and for the reasons set forth in Axis's Brief n Support of This Motion, Axis requests that this Court withdraw the reference and do so on an expedited basis to avoid additional rulings from the Bankruptcy Court, which would be subject to review by this Court in any event. Axis requests that the Court set this matter down for a hearing on this motion at the earliest opportunity.

6. This Declaration submits true and accurate copies of documents in support of Axis' Motion to Withdraw the Reference of the Adversary Proceedings to the Bankruptcy Court.

7. Attached as Exhibit A is a true and accurate copy of Axis's Securexcess Policy RNN 506300 (the "Axis Policy").

8. Attached as Exhibit B is the Form 8-K filed by Refco, Inc. (signed by Movant Klejna) with the United States Securities and Exchange Commission on October 11, 2005 (with exhibits).

9. Attached as Exhibit C is the March 6, 2006 letter from Wayne E. Borgeest to Pam Sylwestrzak.

10. Attached as Exhibit D is the Warranty Letter signed by Bennett on behalf of all insureds under the Axis Policy on January 21, 2005.

11. Attached as Exhibit E is a true and accurate copy of the Adversary Action Complaint (without exhibits) filed by Axis on May 23, 2007.

12. Attached as Exhibit F is the Answer and Counterclaims of Phillip Silverman, filed in the United States Bankruptcy Court, Southern District of New York, on July 13, 2007.

13. Attached as Exhibit G are the Answer and Counterclaims of Sexton and Sherer, filed in the United States Bankruptcy Court, Southern District of New York, on July 13, 2007.

14. Attached as Exhibit H are the Amended Answer and Counterclaims of Klejna and Murphy, filed in the United States Bankruptcy Court, Southern District of New York, on July 31, 2007.

15. Attached as Exhibit I is the Answer of Axis Reinsurance Company to Defendant Phillip Silverman's Counterclaims.

16. Attached as Exhibit J is the Answer of Axis Reinsurance Company to Defendants' Sexton's and Sherer's Counterclaims.

17. Attached as Exhibit K is the Answer of Axis Reinsurance Company to Defendants' Murphy's and Klejna's Counterclaims.

18. Attached as Exhibit L is the Transcript of the August 30, 2007 oral argument on the Application for a Preliminary Injunction Ordering Advancement of Defense Costs and the Defendants' Motions to Dismiss.

19. Attached as Exhibit M is the August 31, 2007 Order of Judge Robert D. Drain granting Defendants' Motion to Dismiss the Axis Complaint.

20. Attached as Exhibit N is the complaint in the Adversary Proceeding captioned, *In re Refco,* Bankr. S.D.N.Y., 07-2005 (RDD).

21. Attached as Exhibit O is the August 31, 2007 Order of Judge Robert D. Drain granting Defendants' Motion for a Preliminary Injunction Ordering the Advancement of Defense Costs.

22. Attached as Exhibit P is the Order to Show Cause filed by Certain Insureds setting forth September 11, 2007 as the hearing date for their motion for advancement of Defense Costs. No prior request for the same relief has been made.

Dated: Valhalla, New York
       September 7, 2007

*[signature]*

Joan M. Gilbride
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, New York 10595
(914) 741-6100 (Telephone)
(914) 741-0025 (Facsimile)
jgilbride@kbrlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                       :
                                                :
            Plaintiff,                          :
                                                :
      v.                                        :      Case No. _____
                                                :
PHILLIP R. BENNETT, LEO R. BREITMAN,             :
NATHAN GANTCHER, TONE GRANT,                    :
DAVID V. HARKINS, SCOTT L. JAECKEL,             :
DENNIS A. KLEJNA, THOMAS H. LEE,                :
SANTO C. MAGGIO, JOSEPH MURPHY,                 :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,            :
WILLIAM M. SEXTON, GERALD SHERER,               :
PHILIP SILVERMAN, ROBERT C. TROSTEN,            :
AND DOES 1 TO 10,                               :
                                                :
            Defendants.                         :
------------------------------------------------------------x
In re:                                          :      Chapter 11
REFCO, INC., et al.,                            :      Case No. 05-60006(RDD)
            Debtors.                            :      (Jointly Administered)
------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                       :
                                                :
            Plaintiff,                          :
                                                :
      v.                                        :      Adv. Proc. No. 07-1712
                                                :      (RDD)
PHILLIP R. BENNETT, LEO R. BREITMAN,             :
NATHAN GANTCHER, TONE GRANT,                    :
DAVID V. HARKINS, SCOTT L. JAECKEL,             :
DENNIS A. KLEJNA, THOMAS H. LEE,                :
SANTO C. MAGGIO, JOSEPH MURPHY,                 :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,            :
WILLIAM M. SEXTON, GERALD SHERER,               :
PHILIP SILVERMAN, ROBERT C. TROSTEN,            :
AND DOES 1 TO 10,                               :
                                                :
            Defendants.                         :
------------------------------------------------------------x

```
-----------------------------------------------------------------x
TONE N. GRANT, ROBERT C. TROSTEN, AND  :
PHILLIP R. BENNETT,                    :
                                       :    Adv. Proc. No. 07-2005
               Plaintiffs,             :    (RDD)
                                       :
       v.                              :
                                       :
AXIS REINSURANCE COMPANY,              :
                                       :
               Defendant.              :
-----------------------------------------------------------------x
```

## ORDER TO SHOW CAUSE

**Upon Consideration** of the Declaration of Joan M. Gilbride and attached exhibits; and the Brief in Support of Axis' Motion to Withdraw the Reference; Axis' proposed Complaint to be filed in the captioned matter; and pursuant to 28 U.S.C. §157(d) and for good cause shown;

**IT IS HEREBY ORDERED** on this _____ day of September 2007, that:

(1) any interested party must show cause before the Honorable Gerard E. Lynch, at the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York, 10007, on the ___ day of September, 2007, at 10:00 a.m. or as soon thereafter as counsel may be heard, why an Order should not be entered granting the motion of Axis to withdraw the reference of the Adversary Proceedings to the Bankruptcy Court;

(2) any objections to the relief sought by Axis must be filed with the Court and served upon Axis's counsel to the attention of Joan M. Gilbride, Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, New York, 10595, so as to actually be received on or before September ___, 2007;

(3) if any objections are received by Axis, Axis shall have an opportunity to file reply papers on or before _____, 2007;

# 555123

    (4)    Axis shall serve a copy of this Order to Show Cause, Declaration of Joan M. Gilbride and the Brief in Support of Axis' Motion to Withdraw the Reference by fax, e-mail or hand-delivery on or before September   , 2007 which shall constitute good and sufficient notice of the Motion on the parties on the attached service list.


Dated: New York, New York
       September   , 2007

                                                  _____
                                                    Hon. Gerard E. Lynch

\# 555123